IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-04153-CNS

ALI ALHADJE,

      Petitioner,

v.

ROBERT GUADIAN, Denver Field Office Director ICE Enforcement and Removal
Operations,

      Respondent.

---

**ORDER**

---

## I.      SUMMARY FOR *PRO SE* PETITIONER

You seek immediate release from your detention. However, you acknowledge that in January 2026 you refused to board a flight from Denver to Louisiana that was booked for your removal. Because you acknowledge that you refused to board this flight and you are removable, in the eyes of the law you have engaged in behavior that prohibits the Court from granting your release from detention. Therefore, the Court must deny your habeas petition.

## II.      DISCUSSION

Petitioner represents himself without an attorney. Petitioner challenges his detention through a habeas petition. *See, e.g.,* ECF No. 6 at 4. In their response brief, Respondents represent that Petitioner "acted to prevent his removal by refusing to board

1

the January 20, 2026, flight to Louisiana for staging for removal," ECF No. 17 at 8, and provide evidentiary support for this proposition in connection with their supplemental brief. *See, e.g.,* ECF No. 19-1 at 2. Petitioner concedes that he refused to board this flight in his own reply brief. *See* ECF No. 23 at 1; *id.* at 2 ("I refused to board."). Because Petitioner concedes that he refused to board this flight, the Court DENIES his habeas petition.

Fatal to Petitioner's petition is his concession that he refused to board his flight to Louisiana. The Tenth Circuit has concluded in a case where a petitioner "refused to accept or acknowledge" required forms "to assist in [removal]" and "refused to complete an application for a Nigerian passport," *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008), that petitioner's detention "did not raise the specter of *indefinite* detention," *id.* (emphasis added). *See also Singh v. Barr*, No. 17-CV-03057-DDD, 2019 WL 2452822, at *4 (D. Colo. June 12, 2019) ("And, as in *Abiodun* but unlike *Zadvydas*, there is no showing that India would not receive [the petitioner], and his continued detention is of his own doing." (citation modified)).

The facts here are similar. Fundamentally, Petitioner's acknowledged refusal to board the flight to Louisiana does not raise the specter of indefinite detention that might otherwise give rise to a valid habeas claim. *Cf.* 8 U.S.C. § 1231(a)(1)(C); *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention."); *Lema v. I.N.S.*, 341 F.3d 853, 857 n.7 (9th Cir. 2003) ("[R]emovable aliens should not be rewarded with release into the United States for their

2

bad behavior in refusing to assist officials to effect their removal." (citation modified)); ECF No. 6 at 6.

"To be sure, [Respondent's] protracted efforts to complete removal is no cause for praise." *Rani v. Barr*, No. 19-CV-02017-RBJ, 2019 WL 6682834, at *3 (D. Colo. Dec. 6, 2019). But based on the record before the Court, the Court cannot conclude that granting Petitioner the habeas relief he seeks is proper. *See, e.g., Lema*, 341 F.3d at 853; ECF No. 6 at 6.

Accordingly, and consistent with the above analysis, the Court DENIES Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 6. The Clerk of Court is directed to close this case.

DATED this 20th day of March 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge